■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ELIJAH M. LITTLE, Appellant.— Appeal, by permission, from an order of the County Court of Albany County, entered July 23, 1973, which denied, after a hearing, defendant's application in the nature of a writ of error *coram nobis* to vacate a judgment of said court rendered June 5, 1972. The sole issue on this appeal is whether the defendant was denied his constitutional right to counsel, by virtue of the representation of a complaining witness at the arraignment on an unrelated charge by the same attorney from the Public Defender's office who served as defendant's trial counsel. The record indicates that Bertrand F. Gould of the Public Defender's office appeared with Carey J. Crawley at his arraignment on charges unrelated to those of which defendant was convicted. According to established procedure of that office, one attorney is assigned to handle all arraignments of indigent defendants on the same day and routinely pleads the defendant not guilty and reserves all rights. Shortly before the commencement of jury selection at defendant's trial, Gould was made aware that his office was representing both the defendant and Crawley, who was to testify as a witness to the assault charge and as a victim of the reckless endangerment charge against defendant. Acting County Court Judge McCall was immediately informed of the possible conflict of interest and Gould offered to withdraw from defendant's case. Instead, the defense of Crawley's case was assigned to an attorney outside the Public Defender's office at the Judge's suggestion. At the conclusion of a two-day jury trial, defendant was convicted of the

crimes of assault in the second degree and reckless endangerment in the second degree, which convictions were affirmed by this court (*People* v. *Little*, 42 A D 2d 841). We find no merit in defendant's contention that he was deprived of effective representation by counsel. It is worthy of note that there is no claim that Gould failed to vigorously defend Little nor that Little was in any way prejudiced by the alleged conflict of interest. At no time did Gould interview Crawley or attempt to prepare his defense. There is no indication that there was any privileged communication between them. Any possible conflict of interest was dissipated prior to the commencement of the trial when Crawley was no longer represented by the Public Defender's office. Under the circumstances present here, the language of the Court of Appeals in *People* v. *Wilkins* (28 N Y 2d 53, 55) is particularly appropriate: "We are not persuaded that the unknowing dual representation of both the complaining witness and the defendant does, in and of itself, deprive a defendant of effective representation of counsel. A mere contention that the defendant has been deprived of effective counsel, *without some showing of a conflict of interest or prejudice*, is insufficient to grant *coram nobis* relief" (emphasis supplied). That court further clarified the point, stating (p. 57) that "absent a showing that the particular staff attorney who defended the defendant knew of a potential conflict *and was inhibited or restrained thereby during trial*, defendant's prejudice cannot be inferred." (Emphasis supplied.) *United States ex rel. Williamson v. La Vallee* (282 F. Supp. 968, 973), relied on by defendant, does not compel a different result as the court there explicitly recognized that a genuine conflict of interest must first be established before a contention that the dual representation violated the defendant's constitutional right will be sustained. Order affirmed. Herlihy, P. J., Greenblott, Cooke, Kane and Reynolds, JJ., concur.